**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
IN RE:

       **CHARMAINE BROWN,**

                    DEBTOR.

**CHAPTER 13**

**CASE NO. 18-23036-RDD**

---------------------------------------------------------------X
**CHARMAINE BROWN,**

               MOVANT.

V.

**OBJECTION TO POC 2-1**

**U.S. BANK TRUST, N.A. ("U.S. BANK"),**
**AS TRUSTEE FOR LSF9 MASTER, C/O**
**CALIBER HOME LOANS, INC.**

              RESPONDENT.
---------------------------------------------------------------X

<u>DEBTORS' MOTION OBJECTING TO PROOF OF CLAIM 2-1 FILED BY U.S. BANK TRUST, N.A. ("U.S. BANK"), AS TRUSTEE FOR LSF9 MASTER, C/O CALIBER HOME LOANS, INC. AND MOTION TO VOID LIEN PURSUANT 11 U.S.C. 506(a) AND TO DETERMINE VALUE OF SECURITY AND CREDITOR'S ALLOWED CLAIM (IF ANY) AND AWARD FOR DAMAGES, SANCTIONS AND INJUNCTIVE RELIEF</u>

**NOW COMES** Debtor, Charmaine Brown ("Debtor" or "Brown"), by and through her litigation attorney of record, Linda M. Tirelli, Esq., and respectfully objects to Proof of Claim 2-1 filed by Respondent, U.S. Bank Trust, N.A. ("U.S. Bank"), as Trustee for LSF9 Master, c/o Caliber Home Loans, Inc. ("Caliber"), pursuant to Rule 3007 of the Rules of Bankruptcy Procedure and further moves this Court pursuant to 11 U.S.C. §506(a) and bankruptcy rule 3012 to determine the value of security and creditor's allowed secured claim and further move this Court pursuant to 11 U.S.C. §506(d) to declare the lien void and further move this court to award for damages, sanctions and injunctive relief under the Court's inherent powers granted under 11 U.S.C. §105.

1. Brown commenced this matter by filing a petition for relief under Chapter 13, in the United States Bankruptcy Court for the Southern District of New York, which was assigned Case No. 18-23036 and placed on this Court's docket.

2. The Chapter 13 Plan was filed with the Court and served on all creditors on July 3, 2018.

3. The 341(a) meeting of creditors was held in White Plains, New York on August 24, 2018. The above named Respondent, a claimant, did not attend.

4. The bar date for filings claims was September 24, 2018.

5. At all times relevant hereto, Brown is the owner of real property located at: 137 ½ Morningside Place, Yonkers, New York 10703 ("the Property").

6. U.S. Bank is an alleged creditor named as claimant in Proof of Claim 2-1 filed in Brown's current bankruptcy case.

7. Respondent, Caliber Home Loans, Inc., is an alleged servicing agent for U.S. Bank and is named as the party to be addressed for notice purposes on Proof of Claim No. 2-1.

8. In support of its proof of claim the alleged creditor provides a spreadsheet which includes multiple add-on fees and charges which are not further supported The Debtor disputes all of the add-on fees and charges including but not limited to attorney fees, property inspection fees, title fees, appraisal reports and the like.

9. On July 12, 2016, prior to the commencement of the instant bankruptcy, U.S. Bank filed an action in the Westchester County Supreme Court against Brown, seeking to foreclose on the Property ("state court foreclosure case"); said matter was assigned Index No. 59582/2016. The named plaintiff is, "US Bank as Trustee for LSF9 Master Participation Trust".

10. The Promissory Note attached to the summons and complaint in the state court foreclosure case was originated by Accredited Home Lenders, Inc., on September 16, 2005, in the amount of $440,000.00, and is not further indorsed. The version of the note attached to the state court complaint bears a rubber stamp on the first page which reads, "Certified True Copy" and further stamped at the bottom of the page, "This is a true and exact copy of the

original document. Certified by Accredited Home Lenders By: (*indecipherable signature*)"
This begs the question, *Why, If the Plaintiff is US Bank as Trustee, why would the note attached to the complaint be certified by the originating lender and not the plaintiff not plaintiff's counsel?*

12. The Promissory Note attached to proof of claim is <u>not</u> identical to that attached to the summons and complaint. The Promissory Note attached to the Proof of Claim includes a rubber stamp at the top "**NP**" and a curious stamp resembling a swirly pop. Like that presented in the state court complaint, the note presented with the proof of claim is dated September 16, 2005, in the amount of $440,000.00, and is not further indorsed.

13. Rule 3001(c) of the Bankruptcy Rules provides that when "a claim is based on a writing" the "original or a duplicate shall be filed with the proof of claim." The claim filed in this case is fatally defective for failure to comply with this mandatory Rule.

14. Attached to the Proof of Claim is an alleged assignment of mortgage dated May 7, 2008 which purports to assign the mortgage and note from MERS as Nominee for "Accredited Home Lenders Inc." to claimant JP Morgan Chase – but back dates the effective date to February 29, 2008.

15. The Movant avers the purported Assignment of Note and Mortgage to be a bogus document as there is nothing to indicate when MRS was ever a nominee for any purpose other than recording a mortgage as stated in the mortgage document.

16. The single so-called "Allonge" offered in support of the Proof of Claim bears 2 indorsements. The first with the signed by Savitrie Brown, as Assistant Secretary of Accredited Home Lenders. Based upon information and belief, Ms. Brown was not employed by Accredited Home Lenders and was not its Assistant Secretary. The Movant

avers the Allonge to be a bogus document fabricated to entice the reliance of this Court, Brown, the Trustee, counsel, and creditors in the instant case.

17. Brown further avers that the purported Allonge does not qualify as an allonge pursuant to N.Y.S. UCC Article 3-202(2).

18. Brown objects to Proof of Claim 2-1 on the grounds that U.S. Bank is not entitled to enforce the debt or security interest that is the subject of Claim 2-1 against Brown or the Property.

19. Neither U.S. Bank nor Caliber have attached any valid writing which establishes that U.S. Bank is a party entitled to enforce the debt or security interest that is the subject of Claim 2-1.

20. The Note attached to Proof of Claim 2-1 is not indorsed, and U.S. Bank has failed to meet its burden to prove that the purported indorsement-in-blank appears on the version of the note attached to Claim 2-1. In re Carrsow-Franklin, 524 B.R. 33, 54-55 (Bankr. S.D.N.Y. 2015).

21. U.S. Bank has not demonstrated, as required by applicable law, that it can maintain a prima facie case of liability against Brown and, therefore, neither Brown nor the estate can be held liable for the Claim. Accordingly, Claim 2-1 should be disallowed pursuant to 11 U.S.C. § 502(b)(1).

**WHEREFORE,** the debtors pray of the Court as follows:

A. That the Court direct the Chapter 13 Trustee to strike Proof of Claim 16-1;

B. That US Bank National Association, as trustee, on behalf of the holders of CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-1 ("U.S. Bank") or any affiliate, successor, servicer and the like be precluded from filing an amended, modified or substitute claim in this case;

C.  That the Court disallow and expunge Proof of Claim 16-1;

D.  That the Court void any and all liens associated with Proof of Claim 16-1 pursuant to 11 U.S.C. 506(d)(1);

E.  That the Court award legal fees to the Debtors and other damages, sanctions and injunctive relief under the Court's inherent powers granted under 11 U.S.C. 105; and

F.  That the debtors have such other and further relief as the Court may deem just and proper.

DATED: February 26, 2019          By:  /s/Linda M. Tirelli, Esq.
                                       Tirelli Law Group, LLP
                                       50 Main Street, Suite 1265
                                       White Plains, N.Y. 10606
                                       Phone: 914-732-3222
                                       Email: LTirelli@TW-LawGroup.com