| UNITED STATES BANKRUPTCY COURT | Hearing Date and Time: |
| SOUTHERN DISTRICT OF NEW YORK | July 24, 2019 at 10:00 am |

----------------------------------------------------------------X

In re:  Case No. 18-23036
      CHARMAINE J. BROWN  Chapter 13

                        Debtor.

----------------------------------------------------------------X

**AFFIRMATION IN RESPONSE TO OBJECTION TO THE PROOF OF CLAIM**

        Kevin T. MacTiernan, an attorney admitted to practice before the Southern District of New York Bankruptcy Court (the "**Court**"), hereby affirms under penalty of perjury that:

        1.      I am an associate with the firm of Cohn & Roth, LLC, the attorneys for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("**Secured Creditor**"). I am familiar with the facts set forth herein based upon information and documentation supplied to me by the Secured Creditor, our office file and my own personal knowledge. I make this affirmation in response to the Debtor's Objection to the Proof of Claim and motion to avoid the lien.

        2.      The gravamen of Debtor's objection to the claim is that the Secured Creditor is allegedly not entitled to enforce the subject Note and Mortgage. The basis of Debtor's objection is her counsel's conclusory allegations that the assignment and allonge are "bogus" and, therefore, the Secured Creditor is not the holder of the Note and Mortgage. However, as will be discussed in further detail below, despite counsel's unsubstantiated and incendiary claims to the contrary, the Secured Creditor is in fact entitled to enforce the subject Note and Mortgage as it is in possession of the original Note that is accompanied by a firmly affixed allonge endorsed in blank.

3. It is well settled that state law governs the determination of property rights in a bankruptcy proceeding. *See:* Butner v. United States, 440 U.S. 48 (1979). Under New York law, an entity has standing "where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." Bank of New York v. Silverberg 86 A.D.3d 274, 926 N.Y.S.2d 532 (2d Dep't, 2011). Silverberg also affirms that a mortgage automatically follows the transfer of the underlying note. Indeed, the Court of Appeals has held that "it is not necessary to have possession of the mortgage at the time the action is commenced. This conclusion follows from the fact that the note, and not the mortgage, is the dispositive instrument that conveys standing" Aurora Loan Services, LLC v. Taylor, 25 N.Y.3d 355, 361 (2015). Moreover, a note that is endorsed in blank is deemed payable to the bearer. *See:* New York UCC § 3-204. Thus, the Secured Creditor need only prove that it is in possession of the original Note that was endorsed in blank in order to have standing to enforce this loan. Here, the Note was transferred from the original lender, Accredited Home Lenders, Inc., by an allonge endorsed to JPMorgan Chase Bank, N.A. that was firmly affixed to the Note so as to become part of the Note. Thereafter, the allonge firmly affixed to the Note was endorsed in blank by JPMorgan Chase Bank, N.A. and the original Note was delivered to the Secured Creditor. The Secured Creditor is currently in possession of the original Note that is endorsed in blank and therefore has the standing to enforce this loan.

4. Furthermore, it is unquestionable that the Secured Creditor is in possession of the original Note. That is because our firm currently holds the original Note, as the bailee of the Secured Creditor, in our office safe. I have personally reviewed the original Note. I hereby affirm pursuant to CPLR R 2106, and under the penalties of perjury, that the original Note is identical to the copy attached to the Proof of Claim. The original Note has "NP" stamped on the top and also has

the stamp that resembles a swirly pop. I further affirm that the allonge which is endorsed in blank is firmly affixed to the original Note. I do not know why foreclosure counsel attached an older copy of the Note Certified by the original lender to the foreclosure complaint, but I can again affirm that the copy of the Note attached to the Proof of Claim is identical to the original Note that I have personally reviewed.

5. Additionally, counsel's specious claim that the assignment is a "bogus" document is a red herring. Assuming, *arguendo*, that the assignment is defective, that is irrelevant to the standing to enforce this loan. As is discussed at length above, under New York law, it is possession of the Note that conveys standing to enforce the debt. Indeed, as the Court of Appeals succinctly stated, the "argument that [the creditor] lacked standing because it did not possess a valid and enforceable mortgage...is simply incorrect. The validity of the...assignment of the mortgage is irrelevant to [the creditor's] standing." Aurora Loan Services, LLC v. Taylor, 25 N.Y.3d 355 at 362 (2015). As such, since the assignment is irrelevant as to whether or not the Secured Creditor has standing, there is no need to discuss counsel's unsubstantiated and spurious claim that the assignment is bogus. The Secured Creditor is in possession of the original Note that is endorsed in blank and, thus, has the standing to enforce this loan.

6. Equally unavailing is counsel's conclusory claim, which is made upon information and belief without any personal knowledge, that the allonge was not actually executed by an employee of the original lender. The Appellate Divisions have repeatedly rejected such conclusory claims that allonges are defective. Specifically, the Third Department stated that "the speculation by defendants' counsel that one or more of the allonges transferring the note were executed by individuals without authority to do so did not create a material question of fact." U.S. Bank Trust, N.A. for Volt Asset Holdings NPL3 v. Varian 156 A.D.3d 1255 at 1257 (3d Dep't,

2017). Moreover, the First Department held in U.S. Bank, N.A. v. Askew, 138 A.D. 3d 402 (1st Dep't 2016) that even though there was a question of fact as to whether the allonges were proper, in light of the Court of Appeals decision in Aurora Loan Services, LLC v. Taylor, 25 N.Y.3d 355 (2015), despite the fact issue as to whether the allonges were proper, because Plaintiff established that the original Note was delivered to it prior to the commencement of the action, Plaintiff had established its standing.

7. In conclusion, Debtor's objection is replete with unsubstantiated and conclusory claims that the Secured Creditor does not have standing to enforce this loan because it is supported by "bogus" documents. However, as is set forth in detail above, the Secured Creditor is in fact in possession of the original Note with an allonge that is endorsed in blank firmly affixed thereto. I have personally reviewed the original Note, which remains in our office safe, and have affirmed that the copy attached to the Proof of Claim is identical to the original Note. Since the Secured Creditor is in possession of the original Note, it has the standing to enforce this loan.

**WHEREFORE**, it is respectfully requested that Debtor's objection to the Proof of Claim and motion to void the lien be denied in all respects; and for such other further and different relief as may seem just, proper and equitable.

Dated: July 16, 2019  
      Mineola, New York

Cohn & Roth, LLC

By:   /s/ Kevin T. MacTiernan  
      Kevin T. MacTiernan  
Attorneys for Secured Creditor  
100 E. Old Country Road  
Mineola, New York 11501  
(516) 747-3030