**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Hearing Date and Time:**
August 5, 2020 at 10:00 am
Dept. C

---------------------------------------------------------------**X**

In Re:

**CHARMAINE J. BROWN,**

Debtor

---------------------------------------------------------------**X**

Case No. 18-23036 shl
Chapter 13

**RESPONSE AND OBJECTION TO DEBTOR'S MOTION OBJECTING TO
PROOF OF CLAIM NO. 5 AND REQUESTING CLAIM NO. 5 TO BE
DECLARED VOID.**

I, Richard Hudson Share, an attorney admitted to practice before the Southern

District of New York Bankruptcy Court on Pro Hac Vice, Doc. 53, hereby affirms and

declare under Penalty of perjury by the laws of California and U S Bankruptcy Court

that:

1.  I am the California attorney and Legal Affairs Consultant for Nancy

N. Poser Retirement Trust, ("Poser").

2.  I am familiar with the facts set forth herein based upon information and

mentation contained in the files and records of Poser and my own personal

knowledge.

3.  Debtor on April 23, 2019, filed a Motion to Avoid Lien and Disallow and

Expunge Proof of Claim No. 5 filed by Poser's Assignor, Value-Add Mortgage,

Document No. 26.

4. The objections by Debtor were as to fees and charges requested in Claim No. 5, and that the several Allonges to the Note and several Corporate Assignments of Mortgage were defective.

5. On July 16, 2019, Poser's Assignor filed Document No. 28, Affirmation in Response to Objection to the Proof of Claim (No. 5), ("Affirmation"), which directly responds to debtor's Motion, and establishes that it is settled law that the debtor may not attack previous assignments of the Note where the creditor has physical possession of the Note, by citing the case entitled **Aurora Loan Services LLC v Taylor** 25 NY 3d 355 at 362 (2015) ("**Aurora**"), and **U. S. Bank v Askew,** 138 A.D. 3d 402, (1st Dept 2016). The Affirmation is attached hereto and incorporated herein by reference as Exhibit 1. A true and correct copy of the **Aurora** case is attached as Exhibit 2, and incorporated herein by reference as though set out here in full.

6. The Affirmation, Exhibit 1, Document 28, page 2, paragraph 4, states the following:

> "4. Furthermore, it is unquestionable that the Secured Creditor, (Value-Add Mortgage) is in possession of the original Note. That is because our firm currently holds the original Note, as the bailee of the Secured Creditor, in our office safe. I have personally reviewed the original Note...( Parenthetical words added).

7. **Aurora,** Exhibit 2, at page 362, quoted in Affirmation, Exhibit 1, Document 28, at page 3, paragraph 5, as follows:

> "...argument that (the creditor) lacked standing because it did not possess

a valid and enforceable mortgage…is incorrect. The validity of the

assignment of the mortgage is irrelevant to (the creditor's) standing."

8. On June 1, 2020 Poser, who is in the business of purchasing mortgages that
are in second position on residential homes, which are in substantial default, purchased
the loan of debtor and on June 19, 2020 filed a Transfer of Claim Other than for Security,
Document No. 50, which had the legal effect of transferring Claim No. 5 to Poser.

9. At the time of purchase of debtor's loan, and other loans, by Poser from
Value-Add Mortgage I personally, in my position as Legal Affairs Consultant to Poser,
examined each file to verify that the file contained the original of the Note, the original
of the Allonge to the Note from Value-Add Mortgage to Poser, the recorded mortgage
and the recorded Corporate Assignment of Mortgage from Value-Add Mortgage to Poser.
I verified that the file of the loan to the debtor, Charmaine Brown, contained each of the
above documents, and, in particular, the original of the Note. I know that immediately
after my verification that the files contained the original Note, including debtor's file,
that the Notes, including the debtor's Note was placed in the safe of Poser, and is in
Poser's safe now. A true and correct copy of the Note is attached hereto and incorporated
herein by reference as Exhibit 3.

10. I, on behalf of Poser, read the Motion, Document 26, and the Affirmation in
Response to Objection, Document 28, and decided to amend Proof of Claim no. 5, by
deleting the claim for fees and charges, requesting only principal and accrued interest,
thereby reducing the claim from $229,447.31 to $226,823.81, ("Amended Claim").
In addition the Amended Claim contains a copy of the original Allonge to the Promissory

Note from Value-Add Mortgage to Poser, and a copy of the recorded Corporate

Assignment of Mortgage, and proof of its recording from Value-Add Mortgage to Poser.

A true and correct copy of the original Allonge to the Note from Value-Add Mortgage to

Poser is attached hereto and incorporated herein by reference as Exhibit 4. A true and

correct copy of the recorded Corporate Assignment of Mortgage from Value-Add

Mortgage to Poser, with proof of recording, is attached hereto and incorporated herein by

reference as Exhibit 5.

11. The Clerk of the Bankruptcy Court instead of designating the Amended Proof

of Claim No. 5-2, the clerk designated the Amended Proof of Claim No. 8. A true and

correct of the first page of the Amended Proof of Claim, No. 8, is attached hereto and

incorporated herein by reference as Exhibit 6.

12. In conclusion Poser is in possession of the original Note which it received from

Plaintiff's Assignor granting it the right to enforce this loan, and standing to file, and to

enforce Amended Proof of Claim No 8.

**WHEEFORE,** it is respectfully requested that Debtor's objection to the Proof of Claim No 5, and apparently the Amended Proof of Claim No. 8, and motion to void the lien be denied in all respects; and for such other and further relief as may seem just and proper.

Executed on July 16, 2020 at Pacific Palisades, California.

I, declare under penalty of perjury, under the laws of the State of California and the US Bankruptcy Court that the foregoing is true and correct.

_Richard Hudson Share_
Richard Hudson Share
Attorney for Secured Creditor
Nancy N Poser Retirement Trust
PO Box 850
Sierra Madre, CA 91025-0850
(626) 355-7100 x 105
(Annalesa, Paralegal and
Administrative Assistant)

## TABLE OF EXHIBITS

1. EXHIBIT 1                                                                 PAGES
   Affirmation in Response to Objection to the Proof of Claim No. 5    7-11

2. EXHIBIT 2
   Copy of case *Aurora Loan Services v Taylor*                        12-16

3. EXHIBIT 3
   Copy of Note                                                        17-21

4. EXHIBIT 4
   Copy of Allonge to the Note                                         22-23
   Transfer Value-Add Mortgage to Nancy N Poser Retirement Trust

5. EXHIBIT 5
   Copy of Corporate Assignment of Mortgage                            24-27
   Transfer Value-Add Mortgage to Nancy N Poser Retirement Trust

6. EXHIBIT 6
   Copy of first page of Proof of Claim 8-1                            28-29

UNITED STATES BANKRUPTCY COURT      **Hearing Date and Time:**
SOUTHERN DISTRICT OF NEW YORK      July 24, 2019 at 10:00 am
-------------------------------------------------------------X

In re:                          Case No. 18-23036

       CHARMAINE J. BROWN           Chapter 13

                         Debtor.
-------------------------------------------------------------X

## AFFIRMATION IN RESPONSE TO OBJECTION TO THE PROOF OF CLAIM

       Kevin T. MacTiernan, an attorney admitted to practice before the Southern

District of New York Bankruptcy Court (the "**Court**"), hereby affirms under penalty of perjury

that:

       1.      I am an associate with the firm of Cohn & Roth, LLC, the attorneys for U.S.

Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("**Secured Creditor**"). I am

familiar with the facts set forth herein based upon information and documentation supplied to me

by the Secured Creditor, our office file and my own personal knowledge. I make this affirmation

in response to the Debtor's Objection to the Proof of Claim and motion to avoid the lien.

       2.      The gravamen of Debtor's objection to the claim is that the Secured Creditor

is allegedly not entitled to enforce the subject Note and Mortgage. The basis of Debtor's objection

is her counsel's conclusory allegations that the assignment and allonge are "bogus" and, therefore,

the Secured Creditor is not the holder of the Note and Mortgage. However, as will be discussed in

further detail below, despite counsel's unsubstantiated and incendiary claims to the contrary, the

Secured Creditor is in fact entitled to enforce the subject Note and Mortgage as it is in possession

of the original Note that is accompanied by a firmly affixed allonge endorsed in blank.

3.    It is well settled that state law governs the determination of property rights in a bankruptcy proceeding. *See:* Butner v. United States, 440 U.S. 48 (1979). Under New York law, an entity has standing "where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." Bank of New York v. Silverberg 86 A.D.3d 274, 926 N.Y.S.2d 532 (2d Dep't, 2011). Silverberg also affirms that a mortgage automatically follows the transfer of the underlying note. Indeed, the Court of Appeals has held that "it is not necessary to have possession of the mortgage at the time the action is commenced. This conclusion follows from the fact that the note, and not the mortgage, is the dispositive instrument that conveys standing" Aurora Loan Services, LLC v. Taylor, 25 N.Y.3d 355, 361 (2015). Moreover, a note that is endorsed in blank is deemed payable to the bearer. *See:* New York UCC § 3-204. Thus, the Secured Creditor need only prove that it is in possession of the original Note that was endorsed in blank in order to have standing to enforce this loan. Here, the Note was transferred from the original lender, Accredited Home Lenders, Inc., by an allonge endorsed to JPMorgan Chase Bank, N.A. that was firmly affixed to the Note so as to become part of the Note. Thereafter, the allonge firmly affixed to the Note was endorsed in blank by JPMorgan Chase Bank, N.A. and the original Note was delivered to the Secured Creditor. The Secured Creditor is currently in possession of the original Note that is endorsed in blank and therefore has the standing to enforce this loan.

4.    Furthermore, it is unquestionable that the Secured Creditor is in possession of the original Note. That is because our firm currently holds the original Note, as the bailee of the Secured Creditor, in our office safe. I have personally reviewed the original Note. I hereby affirm pursuant to CPLR R 2106, and under the penalties of perjury, that the original Note is identical to the copy attached to the Proof of Claim. The original Note has "NP" stamped on the top and also has

the stamp that resembles a swirly pop. I further affirm that the allonge which is endorsed in blank

is firmly affixed to the original Note. I do not know why foreclosure counsel attached an older copy

of the Note Certified by the original lender to the foreclosure complaint, but I can again affirm that

the copy of the Note attached to the Proof of Claim is identical to the original Note that I have

personally reviewed.

5.    Additionally, counsel's specious claim that the assignment is a "bogus"

document is a red herring. Assuming, *arguendo*, that the assignment is defective, that is irrelevant

to the standing to enforce this loan. As is discussed at length above, under New York law, it is

possession of the Note that conveys standing to enforce the debt. Indeed, as the Court of Appeals

succinctly stated, the "argument that [the creditor] lacked standing because it did not possess a valid

and enforceable mortgage...is simply incorrect. The validity of the...assignment of the mortgage is

irrelevant to [the creditor's] standing." Aurora Loan Services, LLC v. Taylor, 25 N.Y.3d 355 at 362

(2015). As such, since the assignment is irrelevant as to whether or not the Secured Creditor has

standing, there is no need to discuss counsel's unsubstantiated and spurious claim that the

assignment is bogus. The Secured Creditor is in possession of the original Note that is endorsed in

blank and, thus, has the standing to enforce this loan.

6.    Equally unavailing is counsel's conclusory claim, which is made upon

information and belief without any personal knowledge, that the allonge was not actually executed

by an employee of the original lender. The Appellate Divisions have repeatedly rejected such

conclusory claims that allonges are defective. Specifically, the Third Department stated that "the

speculation by defendants' counsel that one or more of the allonges transferring the note were

executed by individuals without authority to do so did not create a material question of fact." U.S.

Bank Trust, N.A. for Volt Asset Holdings NPL3 v. Varian 156 A.D.3d 1255 at 1257 (3d Dep't,

2017). Moreover, the First Department held in U.S. Bank, N.A. v. Askew, 138 A.D. 3d 402 (1st

Dep't 2016) that even though there was a question of fact as to whether the allonges were proper,

in light of the Court of Appeals decision in Aurora Loan Services, LLC v. Taylor, 25 N.Y.3d 355

(2015), despite the fact issue as to whether the allonges were proper, because Plaintiff established

that the original Note was delivered to it prior to the commencement of the action, Plaintiff had

established its standing.

7.    In conclusion, Debtor's objection is replete with unsubstantiated and

conclusory claims that the Secured Creditor does not have standing to enforce this loan because it

is supported by "bogus" documents. However, as is set forth in detail above, the Secured Creditor

is in fact in possession of the original Note with an allonge that is endorsed in blank firmly affixed

thereto. I have personally reviewed the original Note, which remains in our office safe, and have

affirmed that the copy attached to the Proof of Claim is identical to the original Note. Since the

Secured Creditor is in possession of the original Note, it has the standing to enforce this loan.

WHEREFORE, it is respectfully requested that Debtor's objection to the Proof

of Claim and motion to void the lien be denied in all respects; and for such other further and

different relief as may seem just, proper and equitable.

Dated: July 16, 2019                          Cohn & Roth, LLC
       Mineola, New York

                                              By:    /s/ Kevin T. MacTiernan
                                                     Kevin T. MacTiernan
                                              Attorneys for Secured Creditor
                                              100 E. Old Country Road
                                              Mineola, New York  11501
                                              (516) 747-3030

25 N.Y.3d 355 (2015)
34 N.E.3d 363
12 N.Y.S.3d 612

## AURORA LOAN SERVICES, LLC, Respondent,
v.
## MONIQUE TAYLOR, Also Known as MONIQUE PUJOL TAYLOR, et al., Appellants, et al., Defendants.

No. 83.

Court of Appeals of New York.

Argued April 30, 2015.
Decided June 11, 2015.

356*356 Zinker & Herzberg, LLP, Hauppauge (Jeffrey Herzberg of counsel), for appellants.

357*357 Ballard Spahr LLP (Martin C. Bryce, Jr., of the Pennsylvania bar, admitted pro hac vice, of counsel), and Knuckles, Komosinski & Elliott, LLP, Elmsford (Michael Lee of counsel), for respondent.

Hiscock & Barclay, LLP, Buffalo (Charles C. Martorana and Kimberly A. Colaiacovo of counsel), for MERSCORP Holdings, Inc. and another, amici curiae.

363*363 Judges READ, PIGOTT, RIVERA, ABDUS-SALAAM, STEIN and FAHEY concur.

## 358*358 OPINION OF THE COURT

Chief Judge LIPPMAN.

The issue presented by this appeal is whether plaintiff Aurora Loan Services, LLC had standing to commence this mortgage foreclosure action. We now affirm that part of the Appellate Division order (114 AD3d 627 [2d Dept 2014]) upholding Supreme Court's grant of summary judgment in favor of plaintiff, and hold that Aurora did have standing.

Defendant Monique Taylor executed and delivered an adjustable rate note dated July 5, 2006 to First National Bank of Arizona, wherein she agreed to repay the bank $600,000, with interest. To secure the payment, Monique and Leonard Taylor 359*359 (the Taylors) executed a mortgage with the bank, granting Mortgage Electronic Registration Systems, Inc. (MERS), as nominee, a mortgage lien on the

property located in Fleetwood, New York. The note, however, was not transferred to MERS with the mortgage.

Subsequent to the note's execution, pursuant to a March 2006 pooling and servicing agreement (PSA), the loan was made part of a residential mortgage-backed securitization trust. Deutsche Bank Trust Company Americas, as trustee, became the owner of the note through an allonge indorsing the note to Deutsche, as required under the PSA. The allonge shows the chain of ownership of the note through indorsements from First National Bank of Arizona, to First National Bank of Nevada, to Residential Funding Company, LLC, to Deutsche.

On April 1, 2008, Aurora assumed servicer obligations under the PSA pursuant to a March 10, 2008 master servicing assignment and assumption agreement (MSAAA). The mortgage was subsequently assigned by MERS to Aurora on August 13, 2009, and recorded with the County Clerk on October 29, 2009.

Thereafter, the Taylors defaulted under the note and mortgage by failing to make the payment due on January 1, 2010, and each month thereafter. The Taylors have never disputed their obligation to make the payments or their default. Multiple notices of default were mailed to the Taylors through May of 2010.

On May 14, 2010, Deutsche, by limited power of attorney, granted Aurora the right to perform certain acts in the trustee's name, including the execution of documents related to loan modification and foreclosure. Aurora, through its agents, asserts it took physical custody of the original note on May 20, 2010. Aurora commenced this foreclosure action by filing a summons and complaint with the Westchester County Clerk on May 24, 2010. These were personally served upon the Taylors on May 29, 2010. The Taylors filed an answer on June 29, 2010.

The Taylors filed a motion for summary judgment, asserting that Aurora did not have standing to bring this foreclosure action. Aurora cross-moved for summary judgment. In support of its cross motion, Aurora submitted the affidavit of Sara Holland (Holland affidavit), Aurora's legal liaison, who stated that based on her "personal knowledge" of the facts as well as her "review of the note, mortgage and other loan documents" and "related business records . . . kept in the ordinary course of 360*360 the regularly conducted business activity," the "original Note has been in the custody of Plaintiff Aurora Loan Services, LLC and in its present condition since May 20, 2010." Holland also stated that, "prior to the commencement of the action, Aurora Loan Services, LLC, has been in exclusive possession of the original note and allonge affixed thereto, indorsed to Deutsche Bank Trust Company Americas as Trustee, and has not transferred same to any other person or entity." A copy of the note and allonge were attached to the affidavit.

Supreme Court denied the Taylors' motion for summary judgment, granted Aurora's cross motion for summary judgment, and appointed a referee to determine the amount due under the note. Aurora then filed a motion for summary judgment of foreclosure and sale, which the Taylors opposed. The court granted that motion on April 29, 2013, adopting the referee's recommendation without a hearing. The Taylors appealed both orders.

The Appellate Division affirmed the first order, concluding that Aurora had proven its standing as a matter of law. The Court concluded that, under New York law, the Holland affidavit demonstrated that Aurora had obtained physical possession of the original note prior to commencement of this

foreclosure action, and that such was legally sufficient to establish standing. The Court specifically noted that the Taylors "offered no evidence to contradict those factual averments and, therefore, failed to raise a triable issue of fact with respect to [Aurora's] standing" (114 AD3d at 629). However, the Court reversed the judgment of foreclosure and sale and remitted the matter to Supreme Court for further proceedings, concluding that Supreme Court erred in confirming the referee's report because the referee had computed the amount due to Aurora without holding a hearing on notice to the Taylors (*see id.* at 629-630). One Justice dissented, arguing that the Holland affidavit was insufficient to confer standing on Aurora because it did not give sufficient "factual details" regarding the physical delivery of the note to Aurora (*id.* at 631, citing *HSBC Bank USA v Hernandez*, 92 AD3d 843, 844 [2d Dept 2012]). Thereafter, the Appellate Division granted the Taylors' motion for leave to appeal, certifying the following question: "Was the decision and order of this Court . . . properly made?" (2014 NY Slip Op 70548[U] [2d Dept 2014].)

The critical issue we must resolve is whether the record demonstrates a basis for finding that Aurora had standing to ₃₆₁*₃₆₁ commence this mortgage foreclosure action. The physical delivery of the note to the plaintiff from its owner prior to commencement of a foreclosure action may, in certain circumstances, be sufficient to transfer the mortgage obligation and create standing to foreclose (*see e.g. Bank of N.Y. Mellon Trust Co. NA v Sachar*, 95 AD3d 695 [1st Dept 2012]; *Deutsche Bank Natl. Trust Co. v Pietranico*, 33 Misc 3d 528, 535 [Sup Ct, Suffolk County 2011]; *In re Escobar*, 457 BR 229, 240 [ED NY 2011]).

Applying these principles of New York law, Aurora was vested with standing to foreclose. The evidence established that, as of 2006, Deutsche, as trustee under the PSA, became the lawful owner of the note. The Holland affidavit establishes that Aurora came into possession of the note on May 20, 2010, prior to the May 24, 2010 commencement of the foreclosure action. From these specific statements, together with proof of Aurora's authority pursuant to the MSAAA and the limited power of attorney, the Appellate Division held, "[i]t can reasonably be inferred . . . that physical delivery of the note was made to the plaintiff" before the action was commenced (114 AD3d at 629).

Contrary to the Taylors' assertions, to have standing, it is not necessary to have possession of the mortgage at the time the action is commenced. This conclusion follows from the fact that the note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law. In the current case, the note was transferred to Aurora before the commencement of the foreclosure action—that is what matters.

A transfer in full of the obligation automatically transfers the mortgage as well unless the parties agree that the transferor is to retain the mortgage (Restatement [Third] of Property [Mortgages] § 5.4, Reporter's Note, Comment *b*). The Taylors misconstrue the legal principle that "an entity with a mortgage but no note lack[s] standing to foreclose" (*Knox v Countrywide Bank*, 4 F Supp 3d 499, 508 [ED NY 2014]) to also mean the opposite—that an entity with a note but no mortgage lacks standing. Once a note is transferred, however, "the mortgage passes as an incident to the note" (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 280 [2d Dept 2011]).

"[A]ny disparity between the holder of the note and the mortgagee of record does not stand as a bar to ₃₆₂*₃₆₂ a foreclosure action because the mortgage is not the dispositive document of title as to the mortgage loan; the holder of the note is deemed the owner of the underlying mortgage loan with standing to foreclose" (14A Carmody-Wait 2d § 92:79 [2012] [citation omitted]).

Accordingly, the Taylors' argument that Aurora lacked standing because it did not possess a valid and enforceable mortgage as of the commencement of this action is simply incorrect. The validity of the August 2009 assignment of the mortgage is irrelevant to Aurora's standing.

The question that follows this analysis is whether Aurora adequately proved that it did, indeed, have possession of the note prior to commencement of this action. The Taylors argue that to demonstrate possession of the note Aurora had to produce the original mortgage note for examination, and that the Holland affidavit does not suffice. Additionally, the dissent at the Appellate Division concluded that the affidavit was lacking details regarding Aurora's possession of the note.

As to production of the original note, there is no indication in the record that the Taylors ever requested such production in discovery or moved Supreme Court to compel such production. Although the Taylors assert that the best evidence rule should require production of the original, they fail to cite any authority holding that such is required in this context. Second, Ms. Holland asserts in her affidavit that she examined the original note herself, and the adjustable rate note attachments submitted with the moving papers clearly show the note's chain of ownership through Deutsche.

Although the better practice would have been for Aurora to state how it came into possession of the note in its affidavit in order to clarify the situation completely, we conclude that, under the circumstances of this case, the court did not err in granting summary judgment to Aurora.

Insofar as Aurora argues that the Appellate Division erred in reversing the judgment of foreclosure, the issue is not properly before us because Aurora never obtained permission from the Appellate Division to appeal to this Court from the Appellate Division order (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151 n 3 [2002]).

Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, with costs, and the certified question answered in the affirmative.

Order, insofar as appealed from, affirmed, with costs, and certified question answered in the affirmative.



# NEW YORK BALLOON NOTE
### (Fixed Rate)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

September 16, 2005          YONKERS          NY
[Date]                      [City]           [State]
137 1/2 MORNINGSIDE AVENUE
YONKERS, NY 10703
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $110,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is Accredited Home Lenders, Inc.
A California Corporation
I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 8.990 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the 1st day of each month beginning on November 1, 2005. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on October 1, 2020, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O. Box 502480 San Diego, CA 92150-2480

or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $884.30

8628
Form 3260.33 1/01
Initials: CB



### 4. BORROWER'S RIGHT TO PREPAY - See Prepayment Charge Rider attached hereto.

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

#### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 2.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

#### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

#### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

#### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

#### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note, whether or not a lawsuit is brought, to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Instrument (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:


8628
Form 3260.33 1/01
Initials: CB



## AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED

Lender may require Immediate Payment in Full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require Immediate Payment in Full if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person. However, Lender shall not require Immediate Payment in Full if this is prohibited by Applicable Law.

If Lender requires Immediate Payment in Full under this Paragraph 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given in accordance with Section 15. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Charmaine Brown_ _____ (Seal)
CHARMAINE BROWN              -Borrower

_____ (Seal)
             -Borrower

_____ (Seal)
             -Borrower

_____ (Seal)
             -Borrower

_____ (Seal)
             -Borrower

_____ (Seal)
             -Borrower

_____ (Seal)
             -Borrower

*[Sign Original Only]*

YOU SHOULD CHECK WITH YOUR LEGAL ADVISOR AND WITH OTHER MORTGAGE LIEN HOLDERS AS TO WHETHER ANY PRIOR LIENS CONTAIN ACCELERATION CLAUSES WHICH WOULD BE ACTIVATED BY A JUNIOR ENCUMBRANCE.

8628

Form 3260.33 1/01

# PREPAYMENT CHARGE RIDER TO NOTE

THIS PREPAYMENT CHARGE RIDER TO NOTE is made this 16th day of September, 2005, and is incorporated into and shall be deemed to amend and supplement the Note or Adjustable Rate Note, as applicable (the "Note"), of the same date given by the undersigned Borrower(s) to Accredited Home Lenders, Inc., A California Corporation.

## NOTICE TO THE BORROWER

DO NOT SIGN THIS PREPAYMENT CHARGE RIDER TO NOTE BEFORE YOU READ IT. THIS PREPAYMENT CHARGE RIDER TO NOTE PROVIDES FOR THE PAYMENT OF A PENALTY IF YOU WISH TO REPAY THE NOTE PRIOR TO THE DATE PROVIDED FOR REPAYMENT IN THE NOTE.

The provisions of this Prepayment Charge Rider to Note are authorized by applicable state law or the federal Alternative Mortgage Transaction Parity Act of 1982, 12 U.S.C. §§ 3801 et seq.

## PREPAYMENT CHARGE

I/we may make a full prepayment or partial prepayments. However, if the aggregate amount of the prepayment(s) made during any twelve (12) month period within (Twelve(12)) months of the date of the Note exceeds ten percent (10%) of the original principal amount of the Note, then as consideration for the acceptance of such prepayment(s), I/we agree to pay the holder of the Note a sum equal to five percent (5%) of the entire amount so prepaid. Any prepayments made after said initial (Twelve(12))month period shall not be subject to any prepayment charge.

| _Charmaine Brown_  9·16·05 | | |
|---|---|---|
| Borrower   Date | Borrower | Date |
| CHARMAINE BROWN | | |

| | | |
|---|---|---|
| Borrower   Date | Borrower | Date |

| | | |
|---|---|---|
| Borrower   Date | Borrower | Date |

| | | |
|---|---|---|
| Borrower   Date | Borrower | Date |

5% - 5 yrs
MIN # 100176105061586288
AHL PPR-5.UFF

BROWN
Page 1 of 1

Loan # 8628

## ALLONGE TO THE NOTE



Loan Number: ●7815
Document Reference #: 0005100000001931
Borrower: CHARMAINE BROWN
Date of Note: 9/16/2005
Loan Amount: $110,000.00
Property Address: 137 1/2 MORNINGSIDE AVENUE, YONKERS, NY, 10703

For Value received, I hereby transfer, endorse and assign the within Note.

Pay to the order of:

NANCY N. POSER RETIREMENT TRUST, Without recourse

VALUE-ADD MORTGAGE FUND, LLC

By: _____
Name: KARISMA JONES
Title: MANAGING MEMBER

Office of the Westchester County Clerk: This page is part of the instrument; the County Clerk will rely on the information provided on this page for purposes of indexing this instrument. To the best of submitter's knowledge, the information contained on this Recording and Endorsement Cover Page is consistent with the information contained in the attached document.



*601508550ASS001U*

## Westchester County Recording & Endorsement Page

### Submitter Information

| | | | |
|---|---|---|---|
| Name: | Poser Investments, Inc. | Phone: | (626) 355-7100 |
| Address 1: | 55 W. Sierra Madre Blvd., #202 | Fax: | (555) 555-5555 |
| Address 2: | | Email: | annalesad@poserinvestments.com |
| City/State/Zip: | Sierra Madre CA 91024 | Reference for Submitter: | 6129832-Poser Investments, Inc. |

### Document Details

| | | | |
|---|---|---|---|
| Control Number: | 601508550 | Document Type: | Assignment (ASSI) |
| Package ID: | 2020052902334001000 | Document Page Count: 2 | Total Page Count: 3 |

### Parties

☐ Additional Parties on Continuation page

| | 1st PARTY | | | 2nd PARTY | |
|---|---|---|---|---|---|
| 1: | VALUE-ADD MORTGAGE FUND LLC | - Other | 1: | NANCY N POSER RETIREMENT TRUST | - Other |
| 2: | | | 2: | | |

### Property

☐ Additional Properties on Continuation page

| | | | |
|---|---|---|---|
| Street Address: | 137 1/2 MORNING AVE. | Tax Designation: | 2-2440-54 |
| City/Town: | YONKERS | Village: | |

### Cross- References

☐ Additional Cross-Refs on Continuation page

| | | | |
|---|---|---|---|
| 1: 453190159 | 2: | 3: | 4: |

### Supporting Documents

| Recording Fees | | Mortgage Taxes | |
|---|---|---|---|
| Statutory Recording Fee: | $40.00 | Document Date: | |
| Page Fee: | $15.00 | Mortgage Amount: | |
| Cross-Reference Fee: | $0.50 | | |
| Mortgage Affidavit Filing Fee: | $0.00 | Basic: | $0.00 |
| RP-5217 Filing Fee: | $0.00 | Westchester: | $0.00 |
| TP-584 Filing Fee: | $0.00 | Additional: | $0.00 |
| RPL 291 Notice Fee: | $0.00 | MTA: | $0.00 |
| Total Recording Fees Paid: | $55.50 | Special: | $0.00 |

| Transfer Taxes | | | |
|---|---|---|---|
| Consideration: | $0.00 | Yonkers: | $0.00 |
| Transfer Tax: | $0.00 | Total Mortgage Tax: | $0.00 |
| Mansion Tax: | $0.00 | | |
| Transfer Tax Number: | | Dwelling Type: | Exempt: ☐ |
| | | Serial #: | |

### RECORDED IN THE OFFICE OF THE WESTCHESTER COUNTY CLERK

| | |
|---|---|

Recorded: 06/01/2020 at 09:24 AM

Control Number: 601508550

Witness my hand and official seal

Timothy C. Idoni
Westchester County Clerk

### Record and Return To

☐ Pick-up at County Clerk's office

Nancy N. Poser Retirement Trust
P.O. Box 850

Sierra Madre, CA 91025

Recording Requested By:
NANCY N. POSER RETIREMENT TRUST

When Recorded Mail To:
NANCY N. POSER RETIREMENT TRUST  55 W. Sierra Madre Blvd, Suite 202
~~PO BOX 850~~
~~SIERRA MADRE, CA, 91025~~  Sierra Madre, CA 91024

Loan #: ⬤7815
TS Ref #: 0005100000001932

## CORPORATE ASSIGNMENT OF MORTGAGE

NY/WESTCHESTER

Assignment Prepared on: April 07, 2020

ASSIGNOR: VALUE-ADD MORTGAGE FUND, LLC, at 9700 FAIR OAKS BLVD, SUITE C, FAIR OAKS, CA, 95628

ASSIGNEE: NANCY N. POSER RETIREMENT TRUST, at ~~PO BOX 850, SIERRA MADRE, CA, 91025~~
55 W. Sierra Madre Blvd., Suite 202, Sierra Madre, CA 91024

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee all interest under that certain Mortgage Dated 9/16/2005, in the amount of $110,000.00, executed by CHARMAINE BROWN to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR ACCREDITED HOME LENDERS, INC. A CALIFORNIA CORPORATION, ITS SUCCESSORS AND ASSIGNS and Recorded: 12/2/2005, Control #: 453190159 in WESTCHESTER County, State of New York.

Property Address: 137 1/2 MORNINGSIDE AVENUE, YONKERS, NY, 10703
Section: 2 / Block: 2440 / Lot: 54

Document References:
- Assignment Dated: 6/8/2016 from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ITS SUCCESSORS AND ASSIGNS to CLEARSPRING LOAN SERVICES, INC. F/K/A SRG, INC. A/K/A STRATEGIC RECOVERY GROUP, INC. Recorded: 7/25/2016, Control #: 562073185
- Assignment Dated: 7/8/2016 from CLEARSPRING LOAN SERVICES, INC. F/K/A SRG, INC. A/K/A STRATEGIC RECOVERY GROUP, INC. to Trinity Financial Services, LLC Recorded: 7/25/2016, Control #: 562073186
- Assignment Dated: 7/18/2016 from Trinity Financial Services, LLC to VALUE-ADD MORTGAGE FUND, LLC Recorded: 7/25/2016, Control #: 562073187

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

VALUE-ADD MORTGAGE FUND, LLC

On: ___4.7.2020___

By: _____

Name: KARISSA JONES

Title: MANAGING MEMBER

A Notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of CALIFORNIA
County of SACRAMENTO

On ___4.7.2020___, before me, NANCY M. KING, Notary Public, personally appeared KARISSA JONES, MANAGING MEMBER, VALUE-ADD MORTGAGE FUND, LLC, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
NANCY M. KING
Notary Expires: 3/14/2021 / #: 2186071

NY/WESTCHESTER

NANCY M. KING
Notary Public – California
Sacramento County
Commission # 2186071
My Comm. Expires Mar 14, 2021

**Fill in this information to identify the case:**

Debtor 1    Charmaine Brown

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Southern District of New York  ▼

Case number  18-230036-shl

Official Form 410    18-23036

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Nancy N Poser Retirement Trust |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☐ No  ☑ Yes.  From whom? Value-Add Mortgage Fund, LLC |
| 3. Where should notices and payments to the creditor be sent?  Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?  Nancy N Poser Retirement Trust  Name  PO Box 850  Number    Street  Sierra Madre,        CA  City        State        ZIP Code  Contact phone (626) 355-7100 x 101 (E. Haug)  Contact email elizabethh@poserinvestments.com  Uniform claim identifier for electronic payments in chapter 13 (if you use one):  ___ ___ ___ ___ ___ ___ ___ ___ ___ | Where should payments to the creditor be sent? (if different)  Name  Number    Street  City        State        ZIP Code  Contact phone _____  Contact email _____ |
| 4. Does this claim amend one already filed? | ☐ No  ☑ Yes. Claim number on court claims registry (if known) 5-1   Filed on 09/10/2018  MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No  ☐ Yes. Who made the earlier filing? _____ |

PROOF OF SERVICE

I, the undersigned, declare and certify as follows:

I am over the age of 18 years and employed in the County of Los Angeles, State of California. I am admitted to practice in the US Bankruptcy Court, Southern District, White Plains Courthouse.. My business address is 55 W Sierra Madre Blvd., Suite 202, Sierra Madre, CA 91024

On July 17, 2020, I served a true copy of the original of the RESPONSE AND OBJECTION TO DEBTOR'S MOTION OBJECTING TO PROOF OF CLAIM NO. 5 AND REQUESTING CLAIM NO. 5 TO BE DECLARED VOID, copy of which is affixed hereto, to those on the attached mailing list by depositing the same for collection and mailing at Pacific Palisades, California, on the date herein above set forth in this Certificate, in sealed envelopes with the postage thereon fully prepaid, addressed as follows:

SEE MAILING LIST ATTACHED

Executed on July 17, 2020, at Pacific Palisades, California

I certify under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct..


RICHARD HUDSON SHARE
_____         _____
Print Name of Signator          Signature

# MAILING LIST

1. David J. Babel, Esq
   2525 Eastchester Road
   Bronx, NY 10469

2. Jeannine Padula Goche
   2525 Eastchester Road
   Bronx, NY 10469

3. Linda M Tirellli, Esq
   Tirelli & 'walsheirn
   50 Main Street, Suite 405
   White Plains, NY 10606

4. Krista M Preuss
   Chapter 13 Standing Trustee
   399 Knollwood Road
   White Plains, NY 10603

5. United States Trustee
   Office of the United States Trustee
   US Federal Office Building
   201 Varick Street, Room 1006
   New York, NY 10014

6. Charmaine Brown
   137 ½ Morningside Place
   Yonkers, NY 10703

7. Clerk's Office
   US Bankruptcy Court
   Southern District of New York
   300 Quarropas Street, Room 248
   White Plains, NY 10601

8. Kevin T MacTiernan, Esq
   Cohn &Roth, LLC
   100 E Old Country Road
   Mineola, NY 11501

FRANDZEL SHARE ROBINS
& BLOOM, L.C.
6500 Wilshire Blvd.
Los Angeles, CA 90048
(323) 852-1000

LA1.HANYSPD2.POS

# LAW OFFICE OF RICHARD HUDSON SHARE

Mailing Address:
PO Box 850
Sierra Madre, CA 91025-0850
Telephone: (626) 355-7100 x 105 (Annalesa, Paralegal)
Fax: (626) 355-7133

July 15, 2020

Clerk of Court
US Bankruptcy Court
Southern District of New York
300 Quarropas Street, Room 248
White Plaines, NY 10601

Telephone: 1-914-467-7250

Re: Charmaine Brown, Chapter 13, 18-23036-shl
Subject: Filing Response and Objection to Debtor's Motion Objecting to Proof of Claim No 5, etc., and request to deliver the other original Response to Chambers of Judge Lane
Client: Nancy N Poser Retirement Trust

Dear Clerk:

Please find enclosed two original Response and Objections. One is to be filed and the other to be a courtesy copy to be delivered to Judge Sean H Lane.

Please notify Liza Ebanks, Administrative Assistant to Judge Sean H Lane, that you are in receipt of the Response and objection to Debtor's Motion filed by secured creditor, Nancy N Poser Retirement Trust, set for August 5 at 10:00 am, telephone 1-(212) 668-5637.

Please notify my office that the Response and Objection has been filed by mailing me a copy of the first page, with the filing information. A copy of the first page and self addressed stamped envelope is attached.

Please telephone my paralegal, Annalesa at (626) 355-7100 x 105, if you have any questions or need anything further.

Thank you
LAW OFFICE OF RICHARD HUDSON SHARE

By: Richard Hudson Share
Attorney for Nancy N Poser Retirement Trust