

McCalla Raymer Leibert Pierce, LLC

420 Lexington Avenue, Suite 840
New York, New York 10170
(347) 286-7409
www.mccalla.com

ALABAMA  NEVADA
CALIFORNIA  NEW JERSEY
CONNECTICUT  NEW YORK
FLORIDA  OREGON
GEORGIA  TEXAS
ILLINOIS  WASHINGTON
MISSISSIPPI

June 9, 2021

Hon. Sean H. Lane
300 Quarropas Street
White Plains, New York 10601-4140

    RE:    In re: Charmaine Brown
              Bankruptcy Case No.: 18-23036-shl
              Objection to Claim #2 (ECF No.: 25) – Status Letter & Request to Overrule Objection.

Dear Judge Lane,

        This firm represents Fay Servicing, LLC ("Fay") servicer for U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust with respect to the above-referenced matter. Fay currently services Ms. Charmaine Brown's ("Debtor" or "Defendant") mortgage loan as evidenced by claim #2 and the recently filed transfer of claim. I provide this letter as a status update and to request that Debtor's Motion Objecting to Claim #2 (the "Objection") (**ECF No. 25**) be overruled.

        By way of background, U.S Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust ("U.S. Bank") commenced an action in foreclosure in the Supreme Court of the State of New York, County of Westchester, styled U.S Bank Trust, N.A. as Trustee for LSF9 v. Charmaine Brown, et al., under Index No. 59582/2016 (the "Foreclosure"). A true copy of the summons and complaint filed in the State Foreclosure is attached hereto as **Exhibit "A."** U.S. Bank sought foreclosure of its lien on the property commonly known as 137 ½ Morningside Avenue a/k/a Morningside Place, Yonkers, New York 10703 (the "Property") due to Defendant's failure to remit mortgage payments. Id. Ultimately, on April 10, 2018, U.S. Bank was awarded a Judgment of Foreclosure and Sale (the "JFS"). A true copy of the JFS is attached hereto as **Exhibit "B."** The Property was scheduled for a foreclosure sale on July 10, 2018. A true copy of the Notice of Sale in Foreclosure entered on the state court's docket on June 21, 2018 is attached hereto as **Exhibit "C."**

        Seven (7) days prior to the scheduled foreclosure sale, Debtor commenced the instant bankruptcy case by filing a voluntary petition under Chapter 13 of the United States Bankruptcy Code. (**ECF No. 1**). On August 23, 2018, U.S Bank Trust filed a proof of claim on the Claims Register as claim #2, evidencing prepetition arrears in the sum of $126,213.06 and a total claim of $341,915.43 (the "Claim"). On September 7, 2018, Debtor filed an amended plan seeking to engage in loss mitigation with U.S. Bank (**ECF No. 16**). On October 22, 2018, the Court entered the Loss-Mitigation Order directing Debtor and U.S. Bank to participate in loss mitigation (the "Loss-Mitigation Order"). (**ECF No 18**). The Loss-Mitigation Order remains in effect and loss mitigation has not been terminated.

        Despite the JFS affirming U.S. Bank's standing to file the Claim and the Loss-Mitigation Order



420 Lexington Avenue, Suite 840
New York, New York 10170
(347) 286-7409
**www.mccalla.com**

ALABAMA  NEVADA
CALIFORNIA  NEW JERSEY
CONNECTICUT  NEW YORK
FLORIDA  OREGON
GEORGIA  TEXAS
ILLINOIS  WASHINGTON
MISSISSIPPI

directing U.S. Bank and Debtor to participate in loss mitigation[1], Ms. Linda Tirelli, as litigation counsel for the Debtor, filed the Objection to the Claim. (**ECF No. 25**). Ms. Tirelli argues that there exists a discrepancy between the note submitted with the Foreclosure complaint and the one attached to the Claim. Id. Ms. Tirelli acknowledges the Foreclosure action in the Objection but glosses over the status of the case even though the JFS was entered prior to the commencement of this case and is readily available for review on the New York State Courts Electronic Filing system. Id. U.S. Bank, by its counsel, opposed the Objection on the basis that he was in possession of and personally inspected the note attached to the Claim and affirmed the proposition that physical possession of the note is a sufficient basis for standing under New York Law (the "Response"). (**ECF No. 28**).[2]

The JFS was awarded to U.S. Bank and affirmed its standing to file the proof of claim. "The so-called Rooker-Feldman doctrine holds that federal courts have no jurisdiction to review state court judgments, and applies when the losing litigant in the state court attempts, via litigation instituted in federal court after the state court litigation was concluded, to review or reverse that decision. The cases are unanimous that as a general matter Rooker-Feldman is applicable in bankruptcy courts." 1 Collier on Bankruptcy P 3.02 (16th 2021). Here, if the Court were to sustain Debtor's Objection, the Court would be reversing the New York State Court's judgment awarded to U.S. Bank, which affirmed its standing. Should the Debtor take issue with U.S. Bank's standing to file a claim, she must seek relief in the State Court. Accordingly, the Objection should be overruled pursuant to Rooker-Feldman as this Court lacks jurisdiction to vacate the JFS.

Furthermore, as set forth in the Response, physical possession of the note is a sufficient basis for standing. (See **ECF No. 28**). U.S. Bank had standing to file the Claim and Fay as transferee servicer for U.S. Bank has standing to enforce U.S. Bank's claim. Debtor's Objection is baseless and should be overruled.

It is respectfully requested that the Objection be overruled for the reasons set forth above. Should Your Honor have any concerns or questions, please do not hesitate to contact our office.

Respectfully submitted,
/s/ *Phillip A. Raymond*
Phillip A. Raymond, Esq.

---

[1] Secured Creditor notes that there is incongruity Debtor's treatment of the Claim. On the one hand, Debtor acknowledged that U.S. Bank has/had standing by seeking loss mitigation with U.S. Bank. On the other hand, Debtor also seeks to undermine her own acknowledgment by objecting to the Claim after entry of the Loss-Mitigation Order.
[2] Upon information and belief, pursuant to a discussion with Mr. Kevin T. MacTiernan, prior counsel for U.S. Bank, Ms. Tirelli was afforded an opportunity to and did personally inspect the note at the courthouse located at 300 Quarropas Street White Plains, New York 10601-4140 at a prior hearing.