

U.S. Department of Justice

Office of the United States Trustee
Southern District of New York

*201 Varick Street, Suite 1006*
*New York, New York 10014*
*Telephone Number 212-510-0500*
*Facsimile Number 212-668-2255*

July 15, 2021

Hon. Judge Sean H. Lane
United States Bankruptcy Court
United States Courthouse
One Bowling Green
New York, New York 10004

    Re: **_In re Justo Reyes,_ No. 16-22556 (SHL)**

Dear Honorable Judge Lane:

    We write to request a status conference regarding a recent issue that has arisen in connection with the *Order to Show Cause Why Court Should Not Sanction Counsel* ("OSC") and the *Order Adjourning Order to Show Cause* ("Adjournment Order"), entered against Linda M. Tirelli, Esq., in the chapter 13 case referenced above and 16 other chapter 13 cases pending in this Court (collectively, "Affected Cases").[1] (Reyes Dkt. No. 112 and 116).

    **Summary.** In one of the Affected Cases, *In re Richard Graham Watson*, No. 18-22923 (SHL) ("Watson Case"), Ms. Tirelli recently transferred funds held in her trust account to the payment lockbox held by Chapter 13 Trustee, Krista M. Preuss. The United States Trustee and the Chapter 13 Trustee, however, believe that the Chapter 13 Trustee lacks the necessary authority to hold these recently-transferred funds in the Watson Case at this time, and seek the Court's guidance with respect to the treatment of such funds and similarly-situated funds being held in trust by Ms. Tirelli in any other Affected Case. Therefore, the United States Trustee respectfully requests that the Court hold a status conference with respect to the OSC and the Adjournment Order, at the Court's earliest convenience.

---

[1] The Affected Cases are: *In re Justo Reyes* (No. 16-22556); *In re Karen Jackson* (No. 16-23514); *In re Janet Berger* (No. 17-22921); *In re Anastasia Cretekos* (No. 18-22239), *In re Frank Occhipinti* (No. 18-22690); *In re Richard Graham Watson* (No. 18-22923); *In re Douglas Kramer* (No. 18-22940); *In re Charmaine J. Brown* (No. 18-23036); *In re Janice K. Desmond* (No. 18-23750); *In re Suzanne M. Faupel* (No. 19-22007); *In re Christopher Rocco Gizzo* (No. 19-22051); *In re John Kolkowski* (No. 19-22172); *In re Catherine R. Pelle* (No. 19-22229); *In re David Daniel Akerib* (No 19-22276); *In re Sarah Frankel* (No. 19-22281); *In re Malka Farkas* (No. 19-22520); and *In re Blossom Joyce Consin*gh (No. 19-23034).

1

**Background.** The Court issued the OSC on June 17, 2021 in the Affected Cases. As set forth in the OSC:

> It was represented to the Court by Linda M. Tirelli, Esq., counsel to the debtors in each of the above-captioned cases (collectively, the "Debtors"), that postpetition mortgage payments on the Debtors' real property would be held in escrow by Ms. Tirelli for each of the Debtors, instead of being paid directly to the secured creditors or being paid to the Chapter 13 Trustee. This representation was contained in numerous Chapter 13 Plans filed in these cases and also was made verbally on numerous occasions to the Court during Chapter 13 hearings. [ ] At a hearing held on June 2, 2021 it came to the Court's attention that postpetition mortgage payments purportedly being held in escrow by Ms. Tirelli in a large number of these cases were not actually being set aside, despite the prior representations to the Court. During the course of the hearing, it also became clear that the amount of money that should have been held in escrow — but was not — was often a large sum, and that these sums had never been remitted in any manner to the Chapter 13 Trustee for the benefit of creditors or paid directly to the secured creditors.

OSC, Reyes Dkt. No. 112, at 3-5 (note omitted).

> The OSC therefore, commands Ms. Tirelli to show cause as to:
>
> (i) whether misrepresentations were made by Ms. Tirelli — or other counsel on her behalf — regarding the escrowing of postpetition mortgage payments and, if so, why Ms. Tirelli should not be sanctioned for such misrepresentations, (ii) whether all postpetition mortgage payments purportedly held in escrow by Ms. Tirelli in the above-captioned cases should not be immediately turned over to the applicable secured creditors or the Chapter 13 Trustee, (iii) why the Chapter 13 Plans in each of the above-captioned cases—and any other cases where Ms. Tirelli is counsel and the plans provide for the escrow of postpetition mortgage payments—should not be immediately amended to require that all postpetition mortgage payments be paid either directly to the secured creditors or paid to the Chapter 13 Trustee as conduit payments to the secured creditors.

*Id.*, at 5-6.

> The OSC further requires that:
>
> by no later than July 14, 2021, Ms. Tirelli shall file a declaration providing the following information: 1) a calculation of the amount of funds that are being held in escrow for postpetition mortgage payments in each of the above-captioned cases and any other cases where Ms. Tirelli has represented to the Court that she (or her law firm) is holding such funds; 2) an accounting of how the funds actually held in escrow by Ms. Tirelli (or her law firm) compares with the amount that should be in escrow given the length of time that these bankruptcy cases have been pending, and 3) to the extent that the funds actually held in escrow do not match the amount that

should have been in escrow based on representations made to the Court, an
explanation as to why such a circumstance does not constitute sanctionable conduct.

*Id*., at 6-7.

On June 30, 2021, with the consent of the United States Trustee, but without seeking the consent of the Chapter 13 Trustee, Ms. Tirelli sought from the Court an adjournment of the hearing on the OSC to October 20, 2021, as well as an adjournment of the due date for her declaration, to September 20, 2021. Reyes Dkt. No. 115. On July 2, 2021, the Court entered the Adjournment Order, granting the extensions sought by Ms. Tirelli in the Affected Cases. Reyes Dkt. No. 116.

**Request for Status Conference**. On July 13, 2021, in the Watson Case, Ms. Tirelli delivered a check in the amount of $8,511.32 to the Chapter 13 Trustee, for application to the debtor's, Mr. Watson's, chapter 13 account. *See* enclosure. According to Ms. Tirelli's accompanying letter, Mr. Watson's proposed plan requires that post-petition payments be set aside in her firm's escrow account, "and if not used for adequate protection or payment on the mortgage, the same are to be turned over to the trustee as disposable income." *See* enclosure.

Ms. Tirelli has filed three proposed plans on behalf of Mr. Watson in the Watson Case. In the first plan, filed June 27, 2018, Mr. Watson proposed monthly mortgage payments of $2,127.83, payable to Ms. Tirelli's law firm, "to be held IN ESCROW with Tirelli & Wallshein, LLP." Watson Case, Dkt. No. 9, § 3.2(a) at 3 (caps in original). This monthly escrow provision was later stricken, and did not appear in Mr. Watson's two amended plans, filed on January 22, 2020 and November 9, 2020. Watson Case, Dkt. No. 63 and 80.[2]

Contrary to Ms. Tirelli's representation to the Chapter 13 Trustee, neither of the three plans filed by Ms. Tirelli in the Watson Case requires or authorizes Ms. Tirelli to transfer any funds held in escrow to the Chapter 13 Trustee, to the extent not used for mortgage or adequate protection payments.[3] The OSC and Adjournment Order also contain no such requirement or authorization. *See* Reyes Dkt. No. 112 and 116. If anything, the Adjournment Order specifically establishes a treatment for **future** mortgage payments by the debtors in the Affected Cases, not mortgage payments pre-dating the issuance of the OSC. In this regard, the Adjournment Order provides that:

> in order to address the concern that is the subject of the OSC notwithstanding the extension of time that is granted by this Order, that within two weeks of the date of entry of this Order, each of the Chapter 13 Plans filed in the above-captioned cases shall be amended to replace any language regarding the escrow of postpetition mortgage payments with Ms. Tirelli or her law firm with language providing that all

---

2   The amount transferred by Ms. Tirelli to the Chapter 13 Trustee, $8,511.32, is equal to four payments of $2,127.83, which is the monthly escrow amount contemplated in Mr. Watson's first plan. *See* Watson Case Dkt. No. 9.

3   For that matter, the order authorizing the sale of Mr. Watson's sole property also fails to authorize the transfer of any funds held in escrow by Ms. Tirelli. *See* Watson Case, Dkt. No. 75.

3

> **future** postpetition mortgage payments shall be paid either directly to the secured creditors or to the Chapter 13 Trustee as conduit payments to the secured creditors.

Reyes Dkt. No. 116, at 4 (bold added).

In the absence of statutory or other authority permitting Ms. Tirelli's transfer to the Chapter 13 Trustee of any funds she is currently holding in escrow in the Watson Case or any other Affected Cases, there appears to be no concomitant authority permitting the Chapter 13 Trustee to hold any of such funds at this time. Until the Court and interested parties have the opportunity to fully assess Ms. Tirelli's submissions pursuant to the OSC and Adjournment Order, and without a full accounting from Ms. Tirelli regarding debtor funds previously held or being held in her escrow account, the *status quo* should be preserved uniformly with respect to all escrow funds at issue in the OSC and Adjournment Order. In particular, the OSC and Adjournment Order should be amended to require that Ms. Tirelli keep any currently-escrowed funds on deposit in her trust account in the Affected Cases, pending further order of the Court, and that Ms. Tirelli fully account for such funds as already ordered in the OSC.

For these reasons, the United States Trustee respectfully requests that the Court hold a status conference with respect to the OSC and Adjournment Order, at the Court's earliest convenience. Thank you.

        Very truly yours,

        WILLIAM K. HARRINGTON
        UNITED STATES TRUSTEE

        ***/s Andrew D. Velez-Rivera***
        Andrew D. Velez-Rivera
        Trial Attorney

cc: Linda A. Riffkin, Assistant U.S. Trustee

Enclosure

# Tirelli Law Group, LLC

Westchester Financial Center
50 MAIN STREET, STE. 1265
WHITE PLAINS, NEW YORK 10606
PHONE (914)732-3222

Linda M. Tirelli*
Victoria Lehning**

*Admitted CT, USDCCT, SDNY, EDNY and SCOTUS
**Admitted NY, USDC SDNY and EDNY

July 13, 2021

Krista M Preuss, Ch 13 Trustee
PO Box 613707
Memphis, TN 38101-3707
Via First Class Certified U.S. Mail RRR # 7019 0700 0000 8934 3715

RE: In re Richard G. Watson Ch 13 Case No. 18-22923(shl) S.D.N.Y.

Dear Trustee Preuss,

Enclosed please find a check drawn on my firm's IOLTA account in the amount of **$8511.32** to be applied to the above referenced Debtor's Chapter 13 account.

As you may recall, the Debtor's proposed plan requires post-petition mortgage payments be set aside in my firm's escrow account and if not used for adequate protection or payment on the mortgage, the same are to be turned over to the trustee as disposable income. In Mr. Watson's case, the funds are being turned over to you as per the proposed plan.

Thank you for your time and attention to this matter. I remain

Very truly yours,
/s/Linda M Tirelli
Linda M Tirelli, Esq.
Debtor's Counsel

Enclosures
Cc:
Ms. Richard Watson

